UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. GUADALUPE BAEZA CARRILLO, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUNSTATE EQUIPMENT CO., LLC., and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:09-CV-02517-JAM-KJM<br><br>ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

　　　　The Application for Preliminary Approval of a Class Action Settlement came before this Court, the Honorable John A. Mendez presiding, on 12/14/2010. The Court having considered the papers submitted in support of the application of the parties, HEREBY ORDERS THE FOLLOWING:

　　　　1.　　This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

　　　　2.　　The Court finds on a preliminary basis that the terms of the Stipulation appear to be within the range of reasonableness of a settlement that could ultimately be given final approval by

this Court at the final approval hearing. The Court has reviewed the monetary recovery under the Settlement and recognizes the significant value to the Class of that monetary recovery. It appears on a preliminary basis that the settlement amount is fair, adequate and reasonable when balanced against the possible outcome of further litigation relating to class certification, liability and damages issues. It further appears that extensive discovery, investigation and research have been conducted such that counsel for the Parties are able to reasonably evaluate their positions. It further appears that settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the delay and risks of further litigation.

3. The Court grants preliminary approval of the Settlement and the Settlement Class based upon the terms set forth in the Joint Stipulation of Settlement and Release filed herewith. The Court finds that the procedure for reaching this settlement was fair and reasonable and that the settlement was the product of arms-length negotiations.

4. The Court hereby preliminarily approves the Stipulation and the settlement contained therein, including the Settlement Amount of $402,500.00, the Attorneys Fees Award up to $120,750.00, costs up to $10,000, Named Plaintiff's request for service payment up to $10,000.00, claims administration expenses estimated at $10,000.00 and payment under the Private Attorneys General Act (PAGA) of $5,000.00. At the final approval hearing, the Court will require declarations supporting the attorneys' fees and costs requested, as well as a declaration supporting the Class Representatives request for an enhancement.

5. The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court.

6. A "Final Approval Hearing" will be held before this Court on April 20, 2011 at 9:30 a.m. in Courtroom 6 at the United States District Court for the Eastern District of

PDF created with pdfFactory trial version www.pdffactory.com

California, 501 I Street, California, 95814, to: determine all necessary matters concerning the Settlement, including whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Stipulation, should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to formally approve Class Counsel's fees and cost award, the Named Plaintiff's service payment, payments under PAGA and the claims administration expenses.

7. Court approves, as to form and content, the Notice of Pendency of Class Action Settlement in substantially the form attached to the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant as Exhibit 1, the Claim Form in substantially the form attached thereto as Exhibit 2, and the Request for Exclusion Form in substantially the form attached thereto as Exhibit 3. The Court approves the procedure for Class Members to participate in, to opt out of, and to object to, the Settlement as set forth in the Notice of Pendency of Class Action Settlement.

8. The Court directs the mailing of the Notice of Pendency of Class Action Settlement, Request for Exclusion Form and the Claim Form/FLSA Consent Form by first class mail to the Class Members in accordance with the Implementation Schedule set forth below in paragraphs 11, 14 and 15. The Court finds the dates selected for the mailing and distribution of the Forms, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9. For Settlement purposes only, the Court finds that the FRCP 23(a) requirements of numerosity, typicality and adequacy are met and that common questions of law and fact predominate over individual questions and that class treatment of this matter is superior to any other available means of adjudication. It is ordered that the Settlement Class is preliminarily

PDF created with pdfFactory trial version www.pdffactory.com

1  certified for settlement purposes only. The Settlement Class is defined as "All individuals who were
2  employed as non-exempt Drivers by Sunstate Equipment Co., LLC, in California between July 30,
3  2005 through <the date of Preliminary Approval>." The Court hereby conditionally certifies the
4  Class for settlement purposes only. Should, for whatever reason, the Settlement not become final,
5  the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall
6  have no bearing on, nor be admissible in connection with, the issue of whether of a class should be
7  certified in a non-settlement context. In the event the Settlement not become final, this Order shall
8  have no effect and shall be not be admissible for any purpose and Defendant will not be deemed to
9  have waived, limited, or affected in any way any of its objections or defenses, including, but not
10 limited to, its defenses in opposition to class certification.

12        10.    The Court confirms appointment of Michael L. Carver, Labor Law Office, A.P.C.
13 and Peter F. Samuel, Samuel & Samuel as Class Counsel, and J. Guadalupe Baeza Carrillo as Class
14 Representative.  Class Counsel is authorized to act on behalf of Class Members with respect to all
15 acts or consents required by, or which maybe given pursuant to, the Settlement, and such other acts
16 reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance
17 through counsel of such Class Member's own choosing and at such Class Member's own expense.
18 Any Class Member who does not enter an appearance or appear on his or her own will be
19 represented by Class Counsel.

21        11.    The Court hereby appoints Simpluris, Inc., as Claims Administrator and hereby
22 directs the Claims Administrator to mail or cause to be mailed to Settlement Class Members the
23 Notice, Claim Form/FLSA Consent Form and Request for Exclusion Form by first class mail within
24 forty five (45) days after the entry of this Preliminary Order (the "Notice Date") using the
25 procedures set forth in the Stipulation. Eligible persons who wish to participate in the Settlement
26 provided for by the Stipulation ("Settlement Class Members") must complete and return the Claim
27 Form/FLSA Consent Form pursuant to the instructions contained therein by first class mail or
28 equivalent, postage paid, within forty-five (45) days of the Notice Date.

PDF created with pdfFactory trial version www.pdffactory.com

12. To facilitate administration of the Settlement pending final approval, the Court hereby enjoins all Class Members from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the Division of Labor Standards Enforcement of the California Department of Industrial Relations) regarding claims released by the Settlement unless and until such Class Members have filed valid Requests for Exclusion with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

13. Any eligible person may choose to opt out of and be excluded from the Class as provided in the Notice by following the instructions for requesting exclusion from the Class that are set forth in the Notice. All requests for exclusion must be submitted as provided in the Notice. Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. Any written request to opt out must be signed by each such person opting out. Class Members who have not requested exclusion shall be bound by all determinations of the Court, the Stipulation and Judgment with the exception of the federal claims.

14. Any Class Member may appear at the Settlement Hearing and may object or express the Member's views regarding the Settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice. However, no Class Member or any other person shall be heard or be entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before 30 days after the Notice Date, that person has served, by hand or by first class mail, written objections and copies of any papers and briefs in support of their position and verification of their membership in the Class upon: (1) Michael L. Carver, Labor Law Office, APC, 1600 Humboldt Rd., Suite 3, Chico, CA 95928, and Peter F. Samuel, Samuel & Samuel, 5050 Sunrise Blvd., Suite C-1, Fair Oaks, CA 95628, Counsel for Plaintiff; and (2) Morgan Forsey, SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, Four

PDF created with pdfFactory trial version www.pdffactory.com

1  Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109, Counsel for Defendant and filed

2  the objections, papers and briefs with the Clerk of this Court. Any Class Member who does not

3  make his or her objection in the manner provided for in this Order shall be deemed to have waived

4  such objection and shall forever be foreclosed from making any objection to the Settlement.

6      15. All papers in support of the Settlement shall be filed with the Court and served on

7  the Parties' Counsel no later than ten (10) Court days before the Final Approval Hearing.

9      16. As of the date this Order is signed, all dates and deadlines associated with the

10 Action shall be stayed, other than those related to the administration of the Settlement of the

11 Action.

13     17. In the event the Settlement does not become effective in accordance with the terms

14 of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to

15 become effective for any reason, this Order shall be rendered null and void and shall be vacated,

16 and the Parties shall revert to their respective positions as of before entering into the Stipulation.

18     18. The Court reserves the right to adjourn or continue the date of the final approval

19 hearing and all dates provided for in the Stipulation without further notice to Class Members, and

20 retains jurisdiction to consider all further applications arising out of or connected with the

21 proposed Settlement.

23 **IT IS SO ORDERED.**

24 Dated: 12/14/2010

25                          /s/ John A. Mendez_____
                            UNITED STATES DISTRICT COURT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com