UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. GUADALUPE BAEZA CARRILLO, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>SUNSTATE EQUIPMENT CO., LLC., and DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No.: 2:09-CV-02517-JAM-EFB<br><br>ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

       The Plaintiff's Motion for Final Approval of a Class Action Settlement came before this Court, the Honorable John A. Mendez presiding, on April 20, 2011 consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered December 15, 2010, and as set forth in the Joint Stipulation of Settlement and Release ("Stipulation" or "Settlement") in the Action, and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

       1.    All terms used herein shall have the same meaning as defined in the Stipulation of Settlement and Release ("Stipulation").

2. Consistent with the definitions provided in the Stipulation, the term "Settlement Class" and "Class Members" shall mean "All individuals who were employed as non-exempt Drivers by Sunstate Equipment Co. LLC. in California between July 30, 2005 through December 15, 2010." The Settlement Class, however, shall not include any person who previously settled or released the claims covered by this Settlement, any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement, or any person who submits a timely and valid Request for Exclusion as provided in this Settlement. For purposes of the Settlement and this Final Order, "Defendant" and/or "Released Parties" shall include Sunstate Equipment Co., LLC, and each of its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parent companies and attorneys, and/or any individual or entity which could be jointly liable with Defendant (collectively, the "Released Parties"),  The term "Action" shall mean this class action.

3. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

4. Distribution of the Notice and the Claim Form directed to the Class Members as set forth in the Stipulation and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.  All Class Members and all Released Claims are covered by and included within the Settlement and this Final Order.

5.     The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable, and that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23, and directs the Parties to effectuate the Settlement according to its terms.  The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations.  The Court further finds that the Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions.  The Court also finds that Settlement, at this time, will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members.  The Court also finds that the Class is properly certified as a class for settlement purposes only.

6.     As of the date of entry of this Final Order, each and every California state law claim of each Class Member is, and shall be deemed to be, conclusively released as against the Released Parties.  As of the date of this Final Order, the Class Representative and each and every Class Member who has not submitted a valid Request for Exclusion is hereby released and forever barred and enjoined from prosecuting the released claims, except as to such rights or claims as may be created by the Settlement, against the Released Parties from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, or causes of actions that were alleged in the Action or that reasonably could have arisen out of the same facts alleged in the Action relating to the alleged failure of any of the Released Parties to provide any of the Class Members with compensation as required by state law, whether in tort, contract, or for violation of any state constitution, statute, rule or regulation, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, related to, or in connection with any and all facts, transactions, event, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged in the Action or that reasonably could have arisen out of the same facts relating to the Action, including, but not limited to, state wage

and hour claims, claims for wages, expenses, fees, overtime, off-the-clock work, minimum wages, meal periods, rest periods, itemized wage statements, waiting time penalties, failure to pay timely wages, unlawful deductions, reimbursement, interest, penalties, attorneys' fees, and all reasonably related claims under the Private Attorneys General Act, within the Settlement Class Period. The released claims do not include Workers Compensation Claims.

7. As of the date of entry of this Final Order, each and every Class Member who submitted a Claim Form/FLSA Consent Form, including Plaintiff, release the Released Parties from the "Released Federal Claims" defined as any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, or causes of actions that were alleged in the Action or that reasonably could have arisen out of the same facts alleged in the Action relating to the alleged failure of any of the Released Parties to provide any of the Class Members with compensation as required by federal law, whether in tort, contract, or for violation of any federal constitution, statute, rule or regulation, including federal wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, related to, or in connection with any and all facts, transactions, event, policies, occurrences, acts, disclosures, statements, omissions or failures to act alleged in the Action or that reasonably could have arisen out of the same facts relating to the Action, including but not limited to federal wage and hour claims for wages, expenses, fees, overtime, off-the-clock work, minimum wages, meal periods, rest periods, itemized wage statements, waiting time penalties, failure to pay timely wages, unlawful deductions, reimbursement, interest, penalties, attorneys' fees, and all reasonably related claims arising from the Fair Labor Standards Act.

8. Neither the Settlement nor any of the terms set forth in the Stipulation is an admission by Defendant, or any of the other Released Parties, nor is this Final Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant, or any of the other Released Parties. Neither this Final Order, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as, an

admission by or against Defendant, or any of the other Released Parties, of any fault, wrongdoing or liability whatsoever.  The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not, in any event, be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant, or any of the other Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Order, the Stipulation, the Released Claims, or any related agreement or release.

9.  Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $120,750.00 and costs of $9,925.67 as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action.  The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to the terms of the Stipulation, to Class Counsel in the Action.

10.  The Court also hereby approves and orders a service payment to Class Representative J. Guadalupe Baeza Carrillo of $10,000.00.

11.  The Court also hereby approves payment under the Private Attorneys General Act (PAGA) of $5,000.00, and finds such amount to be reasonable in light of the claims set forth in the action and the risk of continued litigation.

12.  The Court also hereby approves and orders payment of up to $10,000.00 for claims administration expenses incurred by Simpluris, Inc.

13. The Court hereby finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all the circumstances.  The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

14. The Court hereby enters a judgment of dismissal of the entire action, with prejudice, as of the filing date of this Final Order, pursuant to the terms set forth in the Stipulation. Without affecting the finality of this Final Order in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders entered in connection therewith.

**IT IS SO ORDERED.**

Dated:   4/20/2011

                                    /s/ John. A Mendez_____
                                    Honorable John A. Mendez
                                    United States District Court Judge